UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
SHAWN LAVON BROWN,                  :
                                    :
          Petitioner,               :    Civ. No. 19-19456 (NLH)
                                    :
     v.                             :    OPINION
                                    :
WARDEN DAVID ORTIZ,                 :
                                    :
          Respondent.               :
_____:

APPEARANCES:

Shawn Lavon Brown
63717-019
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

     Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Jane Dattilo, Assistant United States Attorney
Office of the U.S. Attorney
970 Broad St.
Suite 700
Newark, NJ 07102

     Counsel for Respondent

HILLMAN, District Judge

     Petitioner Shawn Lavon Brown, a prisoner presently confined

at FCI Fort Dix, New Jersey, filed this petition for writ of

habeas corpus under 28 U.S.C. § 2241, arguing that his

conviction is invalid due to the Supreme Court's decision in

Rehaif v. United States, 139 S. Ct. 2191 (2019).  ECF No. 1.

Respondent United States filed a motion to dismiss arguing that

the Petition should be dismissed for lack of jurisdiction.  ECF
No. 13.  Petitioner did not file any opposition to the motion.
For the reasons that follow, the Court will grant the motion to
dismiss.

I.  BACKGROUND

Petitioner pled guilty on May 29, 2013 to conspiracy to
commit wire fraud, 18 U.S.C. § 1349; and aggravated identity
theft, 18 U.S.C. § 1028A(a)(1), in the United States District
Court for the Northern District of Georgia.  United States v.
Brown, No. 1:12-cr-0389 (N.D. Ga. May 29, 2013) (ECF No. 160).
The trial court sentenced Petitioner to a total term of 160
months incarceration.  Brown, No. 1:12-cr-0389 (N.D. Ga. Mar.
10, 2015) (ECF No. 373).  The United States Court of Appeals for
the Eleventh Circuit affirmed Petitioner's conviction and
sentence but remanded for correction of a clerical error in the
judgment.  United States v. Brown, 646 F. App'x 907 (11th Cir.
2016).

Petitioner filed a motion to vacate, set aside, or correct
his sentence under 28 U.S.C. § 2255, arguing that the United
States breached the plea agreement and that he received
ineffective assistance of counsel.  Brown, No. 1:12-cr-0389
(N.D. Ga. Sept. 1, 2016) (ECF No. 444).  The district court
denied the motion.  Id. (Sept. 5, 2018) (ECF No. 507).

Petitioner next filed a motion in the Eleventh Circuit requesting permission to file a second or successive § 2255 motion that argued his convictions were invalid after the Supreme Court's Rehaif decision.  In re: Shawn Brown, No. 19-13616 (11th Cir. Sept. 16, 2019); ECF No. 1-1.  "He asserts that, under Rehaif, a defendant must know that his conduct was illegal, and his violation must have been willful.  He asserts that, under this new statutory interpretation of law, the government was required to prove that he had the mens rea for the crime charges, which included that he had knowledge of each element of his offense."  ECF No. 1-1 at 2-3.  The Eleventh Circuit denied permission, stating "Rehaif did not announce a new rule of constitutional law, as it merely clarified what the government must prove in prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2)."  Id. at 4.  Petitioner subsequently filed this petition under § 2241 on October 29, 2019.  ECF No. 1

Petitioner argues that his conviction for aggravated identity theft is invalid after Rehaif, which held that the government must prove the defendant knew he possessed a firearm and that he knew he had the relevant status when he possessed the firearm in order to convict under § 922(g).  "The Petitioner would have presented to the trial court that (1) he was given lawful authority to file tax returns on behalf of his clients"

and "(2) At the time of the alleged offense the Internal Revenue Service accepted freelance tax preparers filings without an electronic filing identification number (His culpable state of mind)." ECF No. 4 at 3. The United States argues this Court lacks jurisdiction under § 2241 because Rehaif does not impact convictions under § 1028A.

II.  STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the
> writ or issue an order directing the respondent to
> show cause why the writ should not be granted, unless
> it appears from the application that the applicant or
> person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

III. ANALYSIS

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district

court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Prisoners in the Third Circuit may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).

Petitioner cannot satisfy the first requirement. Rehaif narrowed the category of offenses that qualify as violations of § 922(g); it did not address the elements of § 1028A. The aggravated identity statute states in relevant part that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of

5

another person . . . ." 18 U.S.C. § 1028A(a)(1). In <u>Flores-Figueroa v. United States</u>, the Supreme Court considered whether the United States had to prove that the defendant knew that the means of identification at issue belonged to another person. 556 U.S. 646 (2009). The Supreme Court concluded that "[a]s a matter of ordinary English grammar, it seems natural to read the statute's word 'knowingly' as applying to all the subsequently listed elements of the crime." <u>Id.</u> at 650. Significantly as applied to this case, the Court noted that "[a]ll parties agree that the provision applies only where the offender knows that he is transferring, possessing, or using something. And the Government reluctantly concedes that the offender likely must know that he is transferring, possessing, or using that something without lawful authority." <u>Id.</u> at 648 (emphasis omitted).

Unlike § 922(g), the Supreme Court has recognized since 2009 that the Government must prove the defendant acted knowingly as to all the elements of § 1028A.[1] <u>Rehaif</u> does not

---

[1] <u>See</u> Jessica A. Roth, <u>Rehaif v. United States: Once Again, A Gun Case Makes Surprising Law</u>, 32 Fed. Sent. R. 23, 25 (2019) (noting that in <u>Flores-Figuero</u> "the mens rea term appeared at the beginning of the statute defining the offense and more naturally 'traveled' down the sentence to modify each subsequent element. In <u>Rehaif</u>, the men[s] rea term appeared after the conduct elements of the offense, and therefore more work was required to infer its application to those prior elements." (footnote omitted)).

apply to Petitioner's aggravated identity theft because it was already understood that the United States had to prove that a defendant knew he or she did not have authorization to use the identification instrument.  Petitioner could have argued the United States could not prove that knowledge requirement prior to pleading guilty in 2013.  Since Petitioner cannot show actual innocence based on a change in the statutory interpretation of § 1028A, the Court lacks jurisdiction over the petition under § 2241.[2]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court finds that it is not in the interests of justice to transfer this habeas petition to the Eleventh Circuit for consideration because that circuit has

---

[2] Petitioner asserts this Court has jurisdiction because the Eleventh Circuit indicated he should be allowed to bring his claim under the savings clause of § 2255.  ECF No. 1 at 8.  The sentiment referenced by Petitioner was issued as part of Judge Martin's concurring opinion not in the main opinion, see ECF No. 1-1 at 5, and an opinion of the Eleventh Circuit does not govern this Court.  The Third Circuit has set forth the requirements for challenging convictions using § 2241 in this circuit, and "differences in the law amongst the circuits is a feature, not a bug, of our federal judicial system. . . ."  Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180(3d Cir. 2017).

already denied Petitioner's request to file a second or successive § 2255 motion based on Rehaif.  See ECF No. 1-1.

IV. CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of jurisdiction will be granted.  An appropriate order will be entered.


Dated: May 7, 2021                  s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.